# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RUIZ-VEGA,<br><br>                      Petitioner,<br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | CIV. CASE NO.   07cv2275 BTM<br>CRIM. CASE NO. 06cr2634 BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

      On December 4, 2007, Antonio Ruiz-Vega (Petitioner) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 motion").  Petitioner claims that (1) he should be granted a downward departure for post-conviction rehabilitation; and (2) he received ineffective assistance of counsel at sentencing and therefore his sentence did not account for all mitigating factors. For the reasons set forth below, Petitioner's motion is **DENIED**.

      On January 11, 2007, Petitioner entered into a plea agreement with the Government. Petitioner agreed to plead guilty to a single count of knowingly and intentionally possessing with intent to distribute approximately 8.53 kilograms of methamphetamine.  In the plea agreement, the parties agreed that Petitioner's adjusted offense level under the Sentencing Guidelines was 25.  Because Petitioner was in Criminal History Category I, his Guideline sentence was between 57 to 71 months. The petitioner further agreed that he "waives to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence . . . unless the Court imposes a custodial sentence greater than the high end of the guideline

range." On January 19, 2007, Petitioner, represented by counsel, entered a plea of guilty on this count before Judge Moskowitz. On May 15, 2007, the Court entered judgment sentencing Petitioner to 57 months of custody and three years of supervised release. The Court's sentence was therefore on the low end of the agreed-upon guideline range.

Petitioner's claims for relief set forth in his 2255 motion are barred because Petitioner waived his right to collaterally attack his sentence. A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Upon review of the record, the Court is satisfied that Petitioner knowingly and voluntarily waived his right to collateral attack. At the plea hearing on January 19, 2007, the Court explained, "Ordinarily a defendant has a right to appeal or collaterally attack a sentence and conviction asking this court or a higher court to vacate, modify, reverse, or reduce a sentence or conviction based upon legal errors or violation of your rights. It says in the plea agreement that, so long as the court imposes a jail sentence that is not greater than the high end of the guideline range or the statutory mandatory minimum term, if applicable, recommended by the government under the agreement, that you will be waiving, giving up your right to ever appeal or attack the sentence and conviction." (Transcript of 1/19/07 hearing, 11:15 -12:1) Petitioner indicated that understood the waiver of appeal and collateral attack and agreed to the plea agreement. (Id. at 12:3-11) Petitioner also represented to the Court that his guilty plea was voluntary. (Id. at 12:12-13:20) Although Petitioner now claims in his 2255 motion that his counsel "misrepresented and misadvised the plea" to defendant, he fails to support these allegations with any facts or specific examples. To the contrary, Petitioner indicated to the Court that he went over each page of his plea agreement carefully with his attorney and initialed each page indicating that he understood its contents. (Id. at 12:3-11) The Court therefore finds that Petitioner voluntarily entered into the guilty plea and thereby waived his rights to collaterally attack his sentence.

For the reasons discussed above, Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court also denies a Certificate of Appealability in this case.

**IT IS SO ORDERED.**

DATED: December 20, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge